# Third District Court of Appeal

## State of Florida

Opinion filed August 23, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D17-919 & 3D17-906
Lower Tribunal No. 05-15321
_____

**J.B., The Mother, and M.W., The Father,**
Appellants,

vs.

**Department of Children and Families, et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Cindy S. Lederman, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for appellant J.B., The Mother; Thomas J. Butler, for appellant M.W., The Father.

Karla Perkins, for appellee Department of Children and Families; Laura J. Lee (Sanford), for appellee Guardian ad Litem Program.


Before SALTER, LOGUE, and SCALES, JJ.

LOGUE, J.

In this consolidated appeal, a mother and father appeal a final judgment terminating their parental rights. Because the final order is supported by competent substantial evidence and the trial court did not abuse its discretion in admitting the child's hearsay statements, we affirm.

The mother and father argue that the trial court erred in admitting several child hearsay statements. Section 90.803(23)(a), Florida Statutes (2016), provides—under specific circumstances—for the admission of hearsay statements from a child "with a physical, mental, emotional, or developmental age of 16 or less" if those statements describe "any act of child abuse or neglect." In order for a statement to be deemed admissible, the trial court must conduct a hearing and find that "the time, content, and circumstances of the statement provide sufficient safeguards of reliability." § 90.803(23)(a)(1). If the child is unavailable to testify as a witness, the statement is admissible only if "there is other corroborative evidence of the abuse or offense." § 90.803(23)(a)(2)(b).

Here, the trial court made the requisite findings of reliability and corroborative evidence under the statute in a separate written order on the Department's motion for admission of the child's hearsay statements. Finding no error in that order, we hold the trial court acted within its discretion in admitting the statements.

The trial court ultimately found, "[t]he child has waited his entire life for the parents to learn to keep him safe and nurtured, the parents have failed and the child desperately needs permanency." Because the trial court's detailed, twenty-five page final order is supported by competent substantial evidence, there is no basis for reversal.

Affirmed.